UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BONNIE J. ORR et al.,

    Plaintiffs,

    v.

CITY OF SEATTLE,

    Defendant.

Case No. C05-1610-JPD

ORDER TO SHOW CAUSE

## I.  INTRODUCTION

Plaintiffs Bonnie and Rufus Orr are proceeding pro se in this suit against defendant City of Seattle ("City").  Plaintiffs originally filed a complaint in King County Superior Court that alleged State law claims of intentional trespass, negligence, and negligent misrepresentation, as well as takings claims under the State and Federal constitutions.  Dkt. No. 3, Ex. A.  On September 7, 2005, plaintiffs filed an amended complaint that added a demand "for damages, costs, and attorney's fees pursuant to [42 U.S.C. § 1983.]"  Dkt. No. 3, Ex. I.  On September 21, 2005, defendant removed the case to this Court on the basis of the 1983 claim.  Dkt. Nos. 1-2.  The parties's cross motions for summary judgment are now pending.

## II.  ANALYSIS

The removal statute requires the Court to remand a case removed from State court "[i]f at any time before final judgment it appears that the district court lacks subject matter

ORDER TO SHOW CAUSE
PAGE - 1

jurisdiction[.]" 28 U.S.C. § 1447(c). Although the parties have not raised the issue, the Court is required to establish subject matter jurisdiction and may raise the issue *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th Cir. 2004); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir.2004) (stating that "challenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time"); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir.2003) (stating that "[s]ubject matter jurisdiction may not be waived").

Section 1446(b) of Title 28 of the United States Code sets forth a limited period in which a party may remove a case to federal court. It provides

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b). Thus, the first thirty-day period is triggered by a defendant's receipt of an "initial pleading" that presents a basis for removal on its face, while the second thirty-day period applies only where the claims presented in the first pleading are not removable. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that the second period may be triggered by a change in the parties or other issues in a new pleading).

Here, plaintiff's initial complaint stated a takings claim under the Fifth Amendment to the United States Constitution; a claim sufficient to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 1441. Because the initial complaint was filed in King County Superior Court on April 4, 2005, defendant had until on or about May 5, 2005, to remove the case. Defendant, however, did not file a notice of removal until September 21,

ORDER TO SHOW CAUSE
PAGE - 2

2005. Dkt. No. 3, Ex. I.  Although plaintiffs filed an amended complaint on September 7, 2005, adding, among other things, a claim "for damages, costs, and attorney's fees pursuant to [42 U.S.C. § 1983,]" the amended complaint does not appear to have added a new federal substantive claim for relief.  Rather, it provided a vehicle for bringing the already-pleaded Fifth Amendment claim.  It therefore appears that the defendant's removal of this case on the basis of the 1983 claim was not timely and that the Court lacks subject matter jurisdiction.

### III.  ORDER

Based on the foregoing, the Court ORDERS as follows:.

(1)   The parties are directed to SHOW CAUSE as to why this case should not be remanded to State court for lack of subject matter jurisdiction.  The parties are further directed to SHOW CAUSE as to why the Court should not impose sanctions on defendant for filing an untimely notice of removal.  Fed. R. Civ. P. 11.  The parties shall submit their responses **no later than June 9, 2006.**

(2)   The current deadlines for motions in limine, pretrial order, trial briefs, and trial, (Dkt. No. 10), are STRICKEN and will be reset after resolution of this matter and/or the parties' motions for summary judgment.

(3)   The Clerk is directed to send a copy of this order to the parties.

DATED this 19th day of May, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge