UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BONNIE J. ORR and RUFUS D. ORR,            )
                                            )
              Plaintiffs,                   )   Case No. C05-1610-JPD
                                            )
       v.                                   )
                                            )   ORDER GRANTING
CITY OF SEATTLE,                            )   DEFENDANT'S MOTION FOR
                                            )   SUMMARY JUDGMENT
              Defendant.                    )
_____ )

## I. INTRODUCTION AND SUMMARY CONCLUSION

Pro se plaintiffs Bonnie and Rufus Orr bring this suit to compel removal of a flowering pear tree planted by defendant City of Seattle ("City") on the parking strip adjacent to their residential property located in the City's Ballard neighborhood.[1]  This matter is before the Court upon the parties' cross-motions for and against summary judgment, plaintiffs' motion for sanctions, and defendant's motion to strike certain exhibits.

Following a careful review of the record, the Court GRANTS defendant's motion for summary judgment (Dkt. No. 13) with respect to plaintiffs' federal-takings claim, because plaintiffs have not shown that the claim presents any genuine issues of material fact. Plaintiffs' motion for summary judgment and sanctions against defendant (Dkt. No. 24) is DENIED.  The Court further orders that plaintiffs' remaining claims be REMANDED to the

---

[1] Plaintiff Rufus Orr was licensed as an attorney in Washington in 1963, but is no longer licensed.  Dkt. No. 30 at ¶¶ 4-5.

ORDER
PAGE - 1

King County Superior Court. Defendant's motion to strike exhibits A and P (Dkt. No. 27) is DENIED as moot because it relates to plaintiffs' state-law claims.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs Bonnie and Rufus Orr are owners and residents of a home located in the Ballard neighborhood of Seattle. Dkt. No. 24, Ex. C; Dkt. No. 25 at ¶ 7. They are 76 and 78 years old, respectively, and are retired. Dkt. No. 24, Ex. C., Dkt. No. 25. This suit arises out of plaintiffs' efforts to have a flowering pear tree that was planted by the City removed from the parking strip adjacent to their home.

In 1992, the City planted approximately thirteen flowering pear (*pyrus calleryana*) trees along 32nd Avenue Northwest, including one in the parking strip adjacent to plaintiffs' home. Dkt. No. 15 at ¶ 5. These trees are a small fraction of over 35,000 trees that have been planted by the City, and that are maintained by it for various transportation purposes. *Id*. The trees are maintained by the City's Department of Transportation ("SDOT"). *Id*. at ¶ 1, 4.

At the time the trees were planted, plaintiffs' property was owned by the late Ms. Ethyl Olson, the mother of plaintiff Bonnie Orr. Dkt. No. 24 at 3. Ms. Olson, however, resided in a nursing home at the time the tree was planted and apparently did not consent to the planting. *Id*. Ms. Olson died in 1996 and in 1998 plaintiffs took title to the property and moved into the home. *Id*.

In the fall of 2001, plaintiffs became concerned about the tree. Following several telephone calls to City officials, plaintiffs sent City Arborist Nolan Rundquist, SDOT Director Daryl Grigsby, and Noel Schoneman a letter expressing concern about the fitness of the tree for the area. They questioned why other nearby trees had been removed and replaced with smaller trees, while the tree in front of their home remained. Dkt. No. 24, Ex. C. Plaintiffs indicated that they were too old and impoverished to care for the growing tree, that they felt they were being treated "unfairly," and that they wanted the City to remove the tree

ORDER
PAGE - 2

or permit them to do so. *Id.*

On November 2, 2001, SDOT Director Daryl Grigsby replied to plaintiffs. Dkt. No.15, Ex. A, Dkt. No. 24, Ex. F. He indicated that the tree adjacent to plaintiffs' property was "in excellent condition" and that it would be maintained properly by the City. *Id.* He also explained that the trees plaintiffs had seen removed were damaged or "full of decay," and that plaintiffs' tree would not be removed. *Id.*

On February 19, 2004, plaintiffs filed a claim against the City relating to the tree. Dkt. No. 24, Ex. D. The City rejected the claim because plaintiffs had not shown that they suffered any damages. *Id.* The claim was forwarded to SDOT, which provided plaintiffs with a point-by-point written explanation of why the tree would not be removed. Dkt. No. 15, Ex. B. In particular, SDOT explained that the City had and would continue to maintain the tree and that, in its present condition, the tree "should not interfere with [plaintiffs'] home." *Id.* It also informed plaintiffs that the City would inspect the sidewalk for damage caused by the tree and repair it as needed. *Id.*

On April 4, 2005, plaintiffs filed suit against the City in King County Superior Court. Dkt. No. 1 at ¶ 1. Plaintiffs alleged intentional trespass, negligence, negligent misrepresentation, and taking of their property in violation of the state and federal constitutions.[2] Dkt. No. 3. Plaintiffs sought a writ of mandamus ordering the City to remove the tree, "including all roots which are disrupting and buckling the sidewalk, and repairing or replacing" damaged portions of the sidewalk, as well as other unspecified damages. Dkt. No. 3 at ¶¶ IV.10, V. On September 7, 2005, plaintiffs filed an amended complaint that added a demand "for damages, costs, and attorney's fees pursuant to [42 U.S.C. § 1983] and RCW chapter 8.25." Dkt. No. 3. On September 21, 2005, defendant removed this case to federal

---

[2]Because the taking was alleged to have been effected by the City, the Fifth Amendment takings claim would be brought pursuant to the Fourteenth Amendment. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1007 (1992) (discussing a regulatory taking by state agency in context of Fifth and Fourteenth amendments)

ORDER
PAGE - 3

court. Dkt. Nos. 1-2.

In response to plaintiffs' complaints, the SDOT inspected the area surrounding the tree. Dkt. No. 18 at ¶ 3. Portions of the sidewalk surrounding the tree were cracked and buckling. *Id.* at Ex. A. On October 7, 2005, an SDOT crew removed portions of the tree's root structure that were causing the damage, expanded the dirt section surrounding the tree several inches into the sidewalk (to prevent future damage), and re-paved the damaged section of the sidewalk. *Id.* at ¶ 4 and Ex. B.

The parties have filed cross-motions for summary judgment. Dkt. Nos. 13, 24. Defendant argues that plaintiffs have shown no violation of their federal rights and that their state-law claims fail as a matter of law. Dkt. No. 13. Defendant also moves to strike plaintiffs' exhibits A and P as hearsay. Dkt No. 27. Plaintiffs argue that the planting of the tree constituted an intentional trespass, that the City negligently planted the tree and negligently repaired the sidewalk surrounding it, and that the City negligently misrepresented that it would care for and maintain the tree. Dkt. Nos. 3, 24. Plaintiffs also argue that the City's failure to remove the tree constitutes a taking under the federal and state constitutions, and that the City violated their due-process and equal-protection rights. Dkt. No. 24. Plaintiffs also move the Court to impose sanctions against defendant for allegedly destroying evidence of damage to the sidewalk. *Id.*

### III. JURISDICTION

The Court is required to ensure that subject-matter jurisdiction exists, and may inquire about the subject *sua sponte* if the parties fail to do so. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th Cir. 2004). Although it appeared that defendant had not timely removed this case from state court, such a defect, even if true, does not destroy subject-matter jurisdiction, and does not require a remand at this late stage of the litigation. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192-93 (9th Cir. 2003); *Maniar v. Fed. Deposit Ins. Co.*, 979 F.2d 782, 784-85 (9th Cir. 1992).

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 1441.  Plaintiffs' initial complaint alleges that the City had taken their "property interest in the parking strip . . . in violation of . . . [the Fifth Amendment to the] United States Constitution," and because their amended complaint incorporated a 42 U.S.C. § 1983 claim.  Dkt. No. 3, Ex. A.  Plaintiffs' motion for summary judgment relies on the Supreme Court's decision in *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982), to support their federal-takings claim.[3]  Dkt. No. 24 at 7.  These are constitutional claims over which the Court has jurisdiction.  The undersigned Magistrate Judge has jurisdiction pursuant to 28 U.S.C. § 636(c) due to the parties' consent.  Dkt. Nos. 8-9.  However, as discussed below, the Court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims.  *See infra* § V; 28 U.S.C. § 1367(c).

## IV.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the pending action.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Genuine issues of material fact exist when the evidence would enable "a reasonable jury . . . [to] return a verdict for the nonmoving party."  *Id.* (internal citations omitted).  In response to a properly supported summary-judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  A mere scintilla of evidence, however, is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.

---

[3] Although plaintiffs cite *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1015 (1992), they rely on the rule discussed in *Loretto*.

In making this determination, the Court must liberally construe the pleadings of pro se plaintiffs. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (collecting cases).

## V.  ANALYSIS

### A.  No Genuine Issue of Material Fact Exists As to Plaintiffs' Federal-Takings Claims.

Plaintiffs allege that their civil rights were violated when the City effected a taking of their land by planting the tree in the parking strip adjacent to their home and by refusing to remove it. Dkt. Nos. 3, 24. They rely on *Loretto v. Teleprompter Manhattan CATV Corp*. to support their contention of an illegal taking under the Fifth and Fourteenth Amendments to the U.S. Constitution.[4]  Dkt. No. 24.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he or she suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX Technologies, Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). The Supreme Court has recognized two categories of government regulation that can rise to the level of a taking for purposes of the Fifth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 125 S. Ct. 2074, 2081 (2005) (discussing *Loretto and Lucas*). "Regulatory actions generally will be deemed per se takings for Fifth Amendment purposes (1) where government requires an owner to suffer a permanent physical invasion of [their] property, . . . or (2) where regulations completely deprive an owner of all economically beneficial use of her property." *Id*. (internal citations and quotations omitted). Takings claims under both the federal and

---

[4] Plaintiffs also argue that the City's actions constitute a taking under Article I, Section 16 of the Washington Constitution. Dkt. No. 3. The Court, however, declines to address this claim. *See infra* § B.

ORDER
PAGE - 6

state constitutions require evidence of damages. *Weinberg v. Whatcom County*, 241 F.3d 746, 752 (9th Cir. 2001) (internal citations omitted).

Here, plaintiffs have come forward with no evidence that suggests they have suffered any damages resulting from the City's refusal to remove the tree. Plaintiffs do not allege that there has been any damage to or diminution in value of their property, nor that they have been deprived of any opportunity to access or otherwise use the property. Similarly, plaintiffs have never presented the City with evidence of any damages. Dkt. No. 24, Ex. D. Rather, plaintiffs' concerns over the tree turns on perceived aesthetic shortcomings, reluctance to perform maintenance, and alleged safety concerns. *See* Dkt. Nos. 24, 25. Indeed, in their motion for summary judgment, plaintiffs indicate that they seek only "an injunction to remove the tree . . . replace the sidewalk to its original width, and pay for [p]laintiffs' costs." Dkt. No. 24. These concerns may be valid, but absent evidence of damages, they do not create an issue of fact sufficient to sustain a federal-takings claim. *Weinberg*, 241 F.3d at 752.

Further, plaintiffs' takings claims reflect a misapprehension of the nature of their property right in the parking strip vis-a-vis the City. Plaintiffs' rights in the parking strip are only a "qualified right," subject to the City's right to plant and maintain trees for public purposes. *Shaw v. City of Yakima*, 183 Wash. 200, 202, 48 P.2d 630, 631 (1935) (en banc). Thus, while plaintiffs may enjoy title to the parking strip, the City retains an easement for public passage and maintenance. *Id.; Puget Sound Alumni of Kappa Sigma, Inc. v. City of Seattle*, 70 Wash.2d 222, 226, 422 P.2d 799, 802 (1967). The City's decision to maintain a tree for public transportation purposes simply "does not constitute a taking[.]" *Shaw*, 183 Wash. at 202, 48 P.2d at 631.

Plaintiffs' reliance on *Loretto* is misplaced. In *Loretto*, the Supreme Court held that a New York statute which allowed a cable company to install cable on small portions of an apartment building was a taking because it was a physical occupation of the property, albeit a

minimal one.  Unlike the landowners in *Loretto*, plaintiffs here do not have an exclusive right to the parking strip.  Plaintiffs have pointed to no authority that suggests *Loretto* and its progeny are applicable to a factual scenario similar to the one presented here, *e.g.* one in which the City has a recognized right to use the land for the particular purpose at issue.  Therefore, plaintiffs have failed to carry their burden on the federal-takings claim and summary judgment must be entered in favor of defendant.

      B.     Remand of Plaintiffs' State-Law Claims is Appropriate.

Having resolved plaintiffs' federal-takings claim, the Court must determine whether to exercise supplemental jurisdiction over the remaining state-law claims.[5]  28 U.S.C. § 1367(c).  This decision is framed by consideration of issues of judicial economy, convenience, fairness, and comity.  *Aeri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal citations and quotations omitted).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1998).  Here, the bulk of plaintiffs' unresolved claims are grounded in Washington tort law.[6]  These are questions that

---

[5] In their motion for summary judgment and "supplemental answer" to defendant's motion for summary judgment, for the first time, plaintiffs raised equal-protection and due-process arguments relating to whether the Seattle Municipal Code requires a hearing to challenge a city arborist's explanation. Dkt. No. 24 at 10; Dkt. No. 28. Plaintiffs' due-process and equal-protection arguments are not properly before the Court. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000) (noting that arguments raised for the first time in a motion for summary judgment are generally not permitted since doing so unfairly prejudices the other party); *see also Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1445 (9th Cir. 1997) (noting that an affirmative defense cannot be raised for the first time in a motion for summary judgment unless it is not prejudicial). Neither party briefed the appeal process, if any, set forth in the Municipal Code. As a result, this Court cannot address the issue properly.

[6] Plaintiffs argue that the City's planting of the tree constitutes an intentional trespass on their parking strip, that the City negligently planted and maintained the tree, and that the City negligently misrepresented to plaintiffs that it would properly maintain the tree. They also raised takings claims under the Washington Constitution. Dkt. Nos. 3, 24.

ORDER
PAGE - 8

are best resolved in state court. Therefore, this Court orders that plaintiffs' remaining claims be REMANDED to the King County Superior Court.

### C. Sanctions Are Not Appropriate.

Plaintiffs also seek sanctions against the City because of its alleged attempt to destroy evidence of damage to the sidewalk. Dkt. No. 24. This claim is wholly without merit. In response to plaintiffs' complaints, City officials inspected the area surrounding the tree. Dkt. No. 18 at ¶ 3. Upon discovering that portions of the sidewalk surrounding the tree were cracked and buckling, an SDOT crew removed portions of the tree's root structure that were causing the damage, and re-paved the sidewalk. *Id.* at ¶ 4 and Ex. B. There is no evidence that the City was motivated by any ill intent or that it destroyed evidence. Indeed, the City has provided the Court with before and after pictures of the site. Plaintiffs' request for sanctions is DENIED.

## VI. CONCLUSION

Plaintiffs' desire to maintain their home is laudable. Nevertheless, defendant's motion for summary judgment is GRANTED with respect to plaintiffs' federal-takings claim, and by reference, their claim under 42 U.S.C. § 1983, because they have failed to demonstrate the existence of any genuine issue of material fact. Plaintiffs' motion for summary judgment and for sanctions is DENIED. Plaintiffs' remaining claims are remanded to King County Superior Court. Defendant's motion to strike plaintiffs' exhibits A and P is DENIED as moot because the exhibits relate to plaintiffs' state-law claims.

IT IS SO ORDERED.

DATED this 31st day of May, 2006.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 9